# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. KERRY SMITH, Petitioner, v. JERRY BOHLER, Respondent. | No. 04 C 1262 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on respondent's motion to dismiss Petitioner Kerry Smith's ("Smith") petition for writ of *habeas corpus*. For the reasons stated below, we grant respondent's motion to dismiss.

## BACKGROUND

On November 25, 1985, following a jury trial, Smith was convicted of aggravated murder, attempted murder, and armed robbery in the Circuit Court of Cook County, Illinois ("trial court"). Smith was subsequently sentenced to serve concurrent extended terms of 55 years for attempted murder and 55 years for armed robbery. Smith appealed and the Appellate Court of Illinois affirmed the judgment

1

of the trial court. Smith then filed a petition for leave to appeal to the Supreme Court of Illinois, which was denied on April 7, 1988. Smith contends that on October 18, 2001 he filed a state of Illinois *habeas corpus* petition which was denied on September 24, 2003, and that he did not file an appeal. (Pet. 4). However, respondent's counsel contends that she was unable to locate any record of a state of Illinois *habeas corpus* petition allegedly filed by Smith. (Resp't Mot. 2-3).

On February 2, 2004, Smith filed the instant petition for writ of *habeas corpus* alleging (1) that he was not proven guilty beyond a reasonable doubt because the elements used in justifying his extended term sentences were not charged in his indictment or submitted to the jury, (2) that his extended term sentences should be vacated because he did not have any prior convictions and in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and (3) that his trial and appellate counsel were ineffective. (Pet. 5-6).

## LEGAL STANDARD

A district court may entertain a *habeas corpus* petition from a "person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to 28 U.S.C. § 2254(d):

> An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless

2

the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one year statute of limitations on the filing of a petition for writ of *habeas corpus*. 28 U.S.C. § 2244(d) ("§ 2244(d)"). § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

## DISCUSSION

A petitioner whose conviction became final prior to AEDPA's enactment on April 24, 1996, is given a one-year grace period from the date of AEDPA's enactment to file a petition for writ of *habeas corpus*. *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). Since Smith's conviction became final prior to AEDPA's enactment, Smith had until April 24, 1997 to timely file his petition for writ of *habeas corpus*. Smith filed his petition for writ of *habeas corpus* with this court on February 2, 2004; approximately six and a half years after the April 24, 1997 statute of limitations deadline. Smith has not contended that the statute of limitations period in which he had to file his petition for writ of *habeas corpus* should be tolled. Further, to the extent that Smith is arguing that the rule announced in *Apprendi* applies retroactively to his claims and would thus restart his statute of limitations clock pursuant to § 2244(d)(1)(C), we note that the Seventh Circuit has already stated that "the rule in *Apprendi* is not retroactive." *See Lambert v. McBride*, 365 F.3d 557, 562 (7th Cir. 2004)(citing *Curtis v. U.S.*, 294 F.3d 841, 844 (7th Cir. 2002)(explaining that *Apprendi* is not applicable on collateral review and "does not disturb sentences that became final before June 26, 2000, the date of its release."). Smith's contention that he filed a state of Illinois *habeas corpus* petition, even if substantiated, would be of no consequence since AEDPA's one-year grace period for Smith to file a petition for writ of *habeas corpus* in federal court had already

4

expired. Accordingly, we find that the time period in which Smith had to file his petition for writ of *habeas corpus* was not tolled and that Smith's petition for writ of *habeas corpus* is untimely. Therefore, we grant respondent's motion to dismiss Smith's petition for writ of *habeas corpus*.

## CONCLUSION

Based on the foregoing analysis, we grant respondent's motion to dismiss Smith's petition for writ of *habeas corpus*.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 9, 2005