IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
KERRY SMITH )
)
          Petitioner, )
)
v. ) No. 04 C 1262
)
JERRY BOHLER, )
)
          Respondent. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Kerry Smith's ("Smith") request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). For the reasons stated below, Smith's request for a certificate of appealability is denied.

## BACKGROUND

On November 25, 1985, following a jury trial, Smith was convicted of aggravated murder, attempted murder, and armed robbery in the Circuit Court of Cook County, Illinois. Smith was subsequently sentenced to serve concurrent extended terms of 55 years for attempted murder and 55 years for armed robbery.

Smith appealed from his conviction and the Appellate Court of Illinois affirmed the judgment of the trial court. Smith then filed a petition for leave to appeal to the Supreme Court of Illinois, which was denied on April 7, 1988. In Smith's petition for writ of *habeas corpus* brought in this court, Smith states that he also filed a state of Illinois *habeas corpus* petition on October 18, 2001, that such petition was denied on September 24, 2003, and that he did not file an appeal. (Pet. 4).

On February 2, 2004, Smith filed his petition for writ of *habeas corpus* before this court. Respondent subsequently filed a motion to dismiss arguing that Smith's petition for writ of *habeas corpus* was untimely. On February 9, 2005, in a memorandum opinion ("Opinion"), we found that Smith's petition for writ of *habeas corpus* was untimely and we granted Respondent's motion to dismiss. Smith now seeks a certificate of appealability.

## LEGAL STANDARD

In order to appeal the denial of a petition for writ of *habeas corpus*, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c); *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004). A court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## DISCUSSION

In Smith's request for a certificate of appealability, Smith argues that this court's application of the Anti-Terrorism and Effective Death Penalty Act of 1996 § 1 *et seq.* ("AEDPA") to time bar his petition for writ of *habeas corpus* was inappropriate. (Request 2). AEDPA's statute of limitations "begin to run (I) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; *or* (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ." *See Anderson v. Lischer*, 281 F.3d 672, 675 (7th Cir. 2002)(emphasis in the original)(citing 28 U.S.C. § 2244(d)(1)(A)). The period during which a petitioner may file a petition for writ of *certiorari* with the United States Supreme Court expires 90 days after all direct criminal appeals in the state system are concluded. *Id.* After the Supreme Court of Illinois denied Smith's petition for leave to appeal on April 7, 1988, Smith did not file a petition for writ of *certiorari* with the United States Supreme Court within 90 days. Accordingly, Smith's conviction became final on July 6, 1988. As we previously stated in our

Opinion, a petitioner whose conviction became final prior to AEDPA's enactment on April 24, 1996, is given a one-year grace period from the date of AEDPA's enactment to file a petition for writ of *habeas corpus*. *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). Since Smith's conviction became final prior to AEDPA's enactment, Smith had until April 24, 1997 to timely file his petition for writ of *habeas corpus*. Smith filed his petition for writ of *habeas corpus* with this court on February 2, 2004, approximately six and a half years after the April 24, 1997 statute of limitations deadline.

Smith has attached to his request for a certificate of appealability a copy of what he purports is a September 24, 2003 order from the Supreme Court of Illinois denying a state of Illinois *habeas corpus* petition he filed. (Request Ex.). Smith argues that Respondent's motion to dismiss contained a false "declaration" that Smith did not file a state of Illinois *habeas corpus* petition. (Request pp. 2-3). The declaration Smith is referring to is contained in a footnote in Respondent's motion to dismiss in which Respondent indicated that it was unable to locate a record of a state of Illinois *habeas corpus* petition filed by Smith. (Resp.'t mot. p. 3-4 n.1). Respondent further noted that whether Smith filed a state of Illinois *habeas corpus* petition in October 2001, was in any event, "immaterial to this Court's timeliness analysis. . . ." *Id.* As we explained in our Opinion, even if Smith's state of Illinois *habeas corpus* petition was filed on October 18, 2001, as Smith has indicated as the filing date, it would be of no consequence in regards to our timeliness analysis since

AEDPA's one-year grace period for Smith to file a petition for writ of *habeas corpus* in federal court had already expired. Further, we note that in Smith's response to Respondent's motion to dismiss and in his instant request for a certificate of appealability Smith has not contended that the statute of limitations period in which he had to file his petition for writ of *habeas corpus* with this court should have been tolled under any circumstances.

In addition to the untimeliness of Smith's petition for writ of *habeas corpus*, Smith has failed to make a substantial showing that he has been denied a constitutional right and has also failed to show that reasonable jurists could agree or debate that Smith's petition for writ of *habeas corpus* should be dismissed. Also, Smith has not presented any meritorious arguments that would indicate that the issues presented in Smith's petition for writ of *habeas corpus* deserve "encouragement to proceed further." *See Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S. at 893). Therefore, we deny Smith's request for a certificate of appealability.

## CONCLUSION

Based on the foregoing analysis, we deny Smith's request for a certificate of appealability.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 17, 2005

5